KLIPSCH V. INDIANA ALCOHOLIC BEVERAGE COMMISSION.

[No. 27,231.  Filed June 29, 1939.]

Leo J. Stemle, for appellant.

Carl M. Gray, for appellees.

SWAIM, J.—This is an appeal from a judgment of the general term of the Marion Superior Court by which judgment the Indiana Alcoholic Beverage Commission was sustained in its refusal to grant a permit to the appellant, Omer Klipsch, to engage in business as a beer wholesaler at Petersburg, Indiana. Appellant's motion for new trial containing three alleged grounds was overruled and this appeal followed, the error assigned being the overruling of said motion.

The power of the commission to exercise discretion in the granting or refusing to grant such a permit to an applicant who complies with the specific requirements of the Alcoholic Beverage Act (Acts of 1935, ch. 226, p. 1056) as finally amended in 1939 (Acts of 1939, ch. 30, p. 79) is the only question presented by appellant's brief.

Section 2 of said 1939 Act, supra, provides that:

"No wholesaler's permit shall be granted to an applicant therefor unless:

1. Such applicant shall be a bona fide resident of the State of Indiana and shall continue to be such resident while said wholesaler's permit is in force.

2. Such applicant shall have available for investment, capital, in cash or property, necessary and useful in his business exclusively as a wholesaler, of at least seven thousand five hundred dollars, exclusive of motor vehicles, and if his application be granted, such investment shall actually be made and proof thereof submitted to the commis-

sion, before such applicant shall engage in business as a wholesaler under his permit.

3. Such applicant shall not have been convicted of a felony under the laws of Indiana or of the United States within two (2) years preceding the date of filing his application, and shall be of good reputation for morality and business integrity.

4. Such applicant shall have no interest in any permit to manufacture, or to sell at retail, alcoholic beverages of any kind or in any other permit to wholesale alcoholic beverages, and shall have no interest, direct or indirect, through stock ownership or otherwise, in any partnership or corporation holding a permit to manufacture, or to sell at retail, alcoholic beverages of any kind, or holding any other permit to wholesale alcoholic beverages of any kind.

5. If such applicant be a partnership or unincorporated association, all members of such partnership or persons interested in such association shall possess the qualification herein required of an individual applicant.

6. If such applicant be a corporation the stockholders thereof shall all be citizens of the State of Indiana and at least one of such stockholders shall be a resident for at least one (1) year immediately prior to making application for such permit, of the county in which the warehouse is to be situated, and all officers and stockholders of such corporation shall possess all other qualifications required of an individual applicant. A verified list of the names of such stockholders shall be submitted with the application.

7. The building occupied by such wholesaler shall be owned or leased by him, or storage space therein shall be leased by him. If the building or storage space be held by lease, such lease shall be for the full term of the permit, and no other person, firm or corporation, or stockholder of any corporation, interested in the manufacture of or in the sale at retail of alcoholic beverages shall own such building or have any interest therein.

Said act also provides that:

"The commission shall not deny a wholesaler's permit or renewal thereof to any applicant on ca-

pricious, arbitrary or political grounds, and any applicant who deems himself aggrieved by the action of the commission in so denying or refusing to renew a permit, shall have the right to appeal from the determination of the commission to a general term of Superior Court of Marion County, in the same manner and under the same conditions and pursuant to the same mode of procedure as is provided by section 42 hereof (section 7 of this act, section 12 of the second above entitled act) touching appeals on suspension and revocation of permits. The judges of said general term, or a majority of them sitting in the appeal, shall, from the evidence presented, determine if the applicant has been denied a permit or renewal thereof on capricious, arbitrary or political grounds, and if they so determine, shall issue a mandatory injunction directing the commission to issue or renew such permit."

It is conceded that the appellant meets all of the enumerated requirements of the 1939 amendment and that, unless it is within the discretion of the commission to refuse the permit on economic grounds, the permit should have been granted. An investigation by the commission disclosed that the present beer wholesaler in the vicinity of Petersburg is serving the retailers and consumer customers in a satisfactory manner and that the possible business in that community would probably not justify the establishment of another wholesale beer business. The appellant concedes that if the commission has the discretion to deny his permit on economic grounds it was not acting arbitrarily or capriciously in so denying such permit, but he insists that inasmuch as he has met all of the specific requirements of the 1939 amendment, the refusal of the commission to grant him a permit on economic grounds constitutes arbitrary and capricious action by said commission within the meaning of the statute.

The 1935 Liquor Act, §9, ch. 226, p. 1090, Acts of 1935, provided that upon filing of an application for a

beer wholesaler's permit "the commission may, *in its discretion* grant such permit, subject to the restrictions of this act," and also provided that,

"No more than one wholesaler's permit for alcoholic malt beverages shall be issued in each county in the state for a total population, according to the last preceding decennial census of the United States of twenty thousand (20,000), or less, but in counties having a population, according to such census, in excess of twenty thousand (20,000), the commission may, it its discretion, issue additional wholesale permits in such county, not exceeding, however, one such permit for each twenty thousand (20;000) of such population, or major fraction thereof."

This population limitation on permits for beer wholesalers could have no proper purpose other than to place an economic limitation on the permits of this type to be issued by the commission. The omission of this provision from the requirements set out in the 1939 amendment, *supra*, would indicate that the legislature intended that economic reasons should no longer be considered a ground for the refusal to issue a beer wholesaler's permit.

Section 2 of the 1939 amendment, *supra*, lists seven (7) expressed requirements which must be met by an applicant for a beer wholesaler's permit and seem to have included all of the requirements, which the legislature intended for the applicant to meet in order to be entitled to a permit. Said section also provides "The commission may require additional proof, by affidavit or otherwise, that any applicant for such wholesaler's permit possesses any or all of such qualifications." This provision, which immediately follows the seven above mentioned requirements would seem to indicate that the legislature intended to limit the investigation of the applicant by the commission to the seven specific requirements and that the commis-

sion should not refuse a permit to any applicant who successfully met said specific requirements.

As shown above, the 1935 Act, *supra*, expressly provides that the granting of the beer wholesaler's permit might be issued by the commission *in its discretion*. This discretionary provision was dropped from the section relating to the issuance of permits to beer wholesalers by the 1939 amendment. It is significant to note, however, that the said amendment retained this provision for discretion in the commission in relation to the issuance of permits for liquor wholesalers. §3, Acts of 1939, *supra*.

We must conclude from the fact that this discretion clause was retained in the section on liquor wholesaler's permits and was taken out of the section on beer wholesaler's permits that the issuance of beer wholesaler's permits should no longer be within the discretion of the commission but should depend only on the applicant meeting the enumerated requirements of said act.

The appellee insists that the provision of said 1939 amendment which provides that the commission should not deny a wholesaler's permit or renewal thereof on capricious, arbitrary, or political grounds is meaningless and superfluous unless the commission has some discretion as to granting or refusing such permits. It is conceivable, however, that a commission might act arbitrarily or capriciously in determining whether an applicant possessed the qualifications set out in the seven specified requirements, and that the clause in this section of the 1939 amendment applies only to the action of the commission in determining the qualifications of the applicant as enumerated in said act.

The appellee also contends that §6 of the 1935 Alco-

holic Beverage Act as amended by §2 of ch. 197, Acts of 1937, p. 941, which provides that the Alcoholic Beverage Commission shall have the power to grant, or refuse to grant, in its discretion, all permits in respect to, or for, the manufacture, importation, bottling, keeping, giving away, furnishing, possession, transportation, sale, and delivery of alcoholic beverages, which section was not amended by the 1939 Act, *supra,* retains for the commission the power to use its discretion in the granting or refusing to grant beer wholesaler's permits. Section 9 of said last mentioned act provides that, "No authority or power conferred heretofore or by this Act on the Excise Administrator or the Alcoholic Beverage Commission shall be construed to authorize the said Excise Administrator or the Commission by regulation or otherwise to alter, amend, add to, enlarge or restrict the provisions of this Act." When we examine the language of the 1939 Act, *supra,* compare its provisions with the provisions of the 1935 and 1937 Acts, *supra,* and consider the history of the legislation on this subject, we must conclude that, while the requirements set out in §2 of the 1939 amendment are worded negatively, they constitute the maximum requirements for the issuance of a beer wholesaler's permit; that the commission may no longer use its discretion or refuse permits to applicants who meet such requirements; and that the general provisions of §6 of the 1935 Acts, *supra,* as amended by §2 of the 1937 Act, *supra,* is repealed by implication insofar as it purported to give power to the commission to use discretion in granting or refusing to grant beer wholesaler's permits.

The appellee assigns as cross-errors alleged errors based on the action of the general term of the Superior Court of Marion County: (1) in overruling the motion

of the appellee to dismiss the appellant's cause of action and appeal to said court; (2) in assuming and exercising jurisdiction over the subject-matter of this cause of action and over the persons of appellees; and (3) in holding that it had jurisdiction to hear and determine appellant's appeal from the order and decision of the commission.

The appellee, Harcourt Scales, insists that the Superior Court of Marion County does not have jurisdiction of this appeal. Section 2 of the 1939 Act, ██ *supra,* provides that any applicant, deeming himself aggrieved by the action of the commission in denying or refusing to renew a permit, shall have a right to appeal from the determination of the commission to a general term of the Superior Court of Marion County. The Superior Court of Marion County was created and its jurisdiction fixed by the legislature. It follows that the jurisdiction of said court may be enlarged or decreased by any subsequent legislature but this act does not attempt to enlarge the jurisdiction of the Superior Court of Marion County. The appellee contends that since the act provided for an appeal to "a general term of the Superior Court of Marion County" no court was thereby described. It has been held that all of the judges of the Superior Court constitute one court and that there is only one Superior Court of Marion County. *Richcreek* v. *Russell* (1904), 34 Ind. App. 217, 72 N. E. 617. The statute provides for both special and general terms of said court and provides that a general term of such court may be held by a majority of the judges and a special term by any one or more of them and that general and special terms may be held at the same time. §4-1416 Burns 1933, §1609 Baldwin's 1934.

Section 2 of said 1939 Act, *supra,* also provides "The judges of said general term or a majority of them sit-

ting in the appeal shall, from the evidence presented, determine if the applicant has been denied a permit or renewal thereof on capricious, arbitrary or political grounds. . . ." It would seem clear that it was the intention of the legislature by the language used to provide for an appeal to the Superior Court of Marion County, and that the provision that the appeal should be to a general term of said court was only for the purpose of designating the number of the judges of said court who should sit on such appeal.

It is also contended by the appellee that the title of this act does not embrace the subject of conferring jurisdiction upon the Superior Court of Marion County, and that the act by undertaking to confer such jurisdiction violated Article 4, §19 of the constitution of the State of Indiana. The 1939 Act, *supra,* was an act to amend "An Act concerning alcohol and alcoholic beverages, liquids and substances, and to promote temperance, repealing laws and parts of laws and declaring an emergency."

In the case of *Board of Commissioners of the County of Marion* v. *Scanlan* (1912), 178 Ind. 142, 98 N. E. 801, this court held that an act entitled "An Act concerning Intoxicating Liquors" was broad enough to cover every branch of licensing and regulating the liquor traffic. Under the title of the act in question the public and the members of the legislature would naturally expect to find provisions governing the issuing of licenses and permits, to engage in the business of selling alcoholic beverages. Provisions for an appeal from a decision of the board which has power to issue such permits, and the naming of the tribunal to have jurisdiction of such appeals is naturally connected therewith and, therefore, does properly come within the title of the act.

The appellee also insists that the appeal provisions of

the 1939 Act, *supra*, violate Article 3, §1 of the constitution of the State of Indiana in that: (1) it attempts to confer on the judicial department of the government an administrative function; (2) it provides for the substitution of a judicial order for an administrative order; (3) it permits the court to substitute its discretion for that of the commission; (4) it gives the court power to control the discretion of the commission; (5) it permits the court to usurp the power and discretion of the commission; (6) it permits the court to interfere with the function of an executive or administrative department of the government.

This court has held that a provision in a statute purporting to give a right of appeal from an administrative board to a court, which provision gives to the court only the power to pass upon the reasonableness of any orders made by the board and to decide whether or not the same are lawful, is a proper provision and does not contravene Article 3 of §1 of the constitution. *Albert* v. *Milk Control Board of Indiana* (1936), 210 Ind. 283, 306, 200 N. E. 688; *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 24, 5 N. E. (2d) 501.

The power of the courts to confine administrative boards and commissions within their constitutional jurisdiction, and to enjoin unreasonable administrative or legislative orders or regulations has always been recognized by this court. *Pittsburgh, etc., R. Co.* v. *Railroad Com., etc.* (1908), 171 Ind. 189, 86 N. E. 328; *Public Service Com.* v. *City of LaPorte* (1935), 207 Ind. 462, 193 N. E. 668.

The appeal provisions of the 1939 Act, *supra*, expressly provide that on an appeal from a decision of the commission the Superior Court of Marion County shall only decide the question as to whether the applicant "has been denied a permit or renewal thereof on

*capricious, arbitrary or political grounds."* In view of this expressed language of the statute it surely can not be seriously contended that the Superior Court of Marion County would have the right to substitute its opinion for the opinion of the commission nor the power to control the discretion of the commission. By the expressed language of the statute the court is only given power to act in the event the commission has acted "capriciously, arbitrarily or on political grounds." If the commission has so acted, it has acted unreasonably and unlawfully and its action should be set aside by the courts.' (Our italics.)

The appellee contends that since the appeal provisions of the 1939 Act, *supra,* provide for an appeal only to the Superior Court of Marion County on this type of case while certain other appeals granted by the same act are to the Circuit or Superior Courts of Marion County the act violates Article 4, §22, and Article 1, §23 of the state constitution and the 14th amendment to the constitution of the United States. It must be assumed that the rights of any litigant will be protected and that he will receive full and complete justice in either of the courts named, and the legislature in apportioning the appeals between the various courts did not violate any of the above constitutional provisions.

The appeal provisions in the Alcoholic Beverage Act do not undertake to divest the Supreme Court of jurisdiction to determine constitutional questions in appeals of this nature as contended by appellee. As above pointed out the act only purports to give the Superior Court of Marion County the power to make a final decision in cases where the action of the commission is found by the court to have been arbitrary, capricious or on political grounds.

The appellee also contends that the provisions of the

1939 Act, *supra,* which provide that the commission shall not deny a permit "on capricious, arbitrary or political grounds" violates the 14th amendment of the constitution of the United States because the statute does not sufficiently describe or define the meaning of these words and sets up no standard for the guidance of such commission in determining whether or not a permit should be issued or denied. As we have interpreted the act the commission does have a very definite rule by which to measure the qualifications of the applicant for a beer wholesaler's permit, and the commission should issue a permit to any applicant complying with such requirements. The cases cited by appellee are criminal cases where crimes were defined in vague and uncertain terms and we are of the opinion that such cases have no application to the point here involved.

The judgment is reversed with directions to the Superior Court of Marion County to sustain appellant's motion for a new trial and for further proceedings not inconsistent herewith.

Tremain, J., absent.