DEPARTMENT OF INSURANCE OF STATE OF INDIANA ET AL. *v.* HENDRICKSON.

[No. 30,349. Filed March 4, 1964.]

*Edwin K. Steers,* Attorney General, *James J. Breen, Jr.,* and *J. Van Brown,* Deputy Attorneys General, for appellants.

*Edward F. New, Jr.,* of Indianapolis, for appellee.

ACHOR, J.—Appellee had been a bail bondsman over nine years prior to the enactment of Acts 1961, ch. 263, §12, p. 593; 1963, ch. 275, §3, p. 416, being §9-3703, Burns' 1956 Repl. (1963 Supp.). He filed an application for a license under the above statute.

The application forms prescribed by the Commissioner of the Insurance Department, in addition to the usual questions pertaining to appellee's personal life, qualifications, and business activities, required proof of the payment of personal and poll taxes, and, further, inquired about all arrests, indictments, etc. Also, attached to the application is the form of affidavit or verification, by which the applicant states under oath that the facts stated in the application are true, and that any falsification or any deceptive or incomplete representation on the application constitutes good and sufficient cause for immediate cancellation.

Appellee, in his application, listed two "arrests or indictments [disorderly conduct and loitering]," but omitted a third. Also attached to the application was a certification card, acknowledged by the county treasurer, that the appellee paid his 1960 personal and poll taxes.

Appellee's application was filed with the Indiana Insurance Department on April 10, 1962. On April 12, 1962, the Department of Insurance denied appellee's application. The order denying the license stated that the appellee had made material misrepresentations on his application form by falsely presenting evidence that (1) his taxes were paid when, in fact, he was delinquent, and (2) by failing to list an arrest for assault and battery. Also, the order stated that (3) there were adverse recommendations from the sheriff, the prosecutor, and the chief of police. On the same day [April 12], appellee filed a petition with the Insurance Department asking that it issue him a license "on the basis of his application," which petition was denied.

The appellee then filed an appeal in Superior Court of Marion County, Room 5, on authority of §22 of said Acts of 1961 [§9-3713, Burns' 1963 Supp.]. The court,

after hearing the cause de novo, ordered the issuance of the license. In support of its judgment, the court entered findings of fact and conclusions of law [as contemplated by Acts 1947, ch. 365, §18, p. 1451, being §63-3018, Burns' 1961 Repl.], as follows: [These we have numbered for the purpose of identification.]

" . . . [T]he Court finds . . .

[1] that there was an abuse of discretion by the Commissioner and the State of Indiana in denying Petitioner a Bailbondsman license;

[2] that the commissioner was negligent in failing to adopt and promulgate rules as *required* by Chapter 263 Indiana Acts of 1961;

[3] that the 'Grandfather Clause' in Section 12 of said act requires the Commissioner to issue Petitioner a license upon application therefore;

[4] that the denial of Petitioner's license was arbitrary and capricious, not sustained by substantial evidence, and an abuse of discretion on the part of the Commissioner."

Appellants filed a motion for new trial, which was overrruled. Here they assign, and argue as error, the following grounds:

First, that the Superior Court of Marion County had no jurisdiction over the subject matter of this appeal from the order of the Insurance Department, because the statute expressly provides, in part, as follows:

"Any applicant . . . whose application has been denied . . . shall have the right to appeal . . . to the circuit court . . . " §9-3713, *supra*.

It is appellants' contention, first, that the statute herein grants a new and enlarged authority and procedure which is controlling of the granting and denial of licenses to bail bondsmen and, therefore, the procedure prescribed by the statute, with respect to the enforcement thereof is exclusive—

including the provision regarding the prosecuting of appeals to the circuit court. In this contention we concur. Upon this issue this court has said:

> "Where the legislature creates a right and prescribes the method whereby the right may be enforced the statutory remedy so provided is exclusive. . . . " *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 311, 92 N. E. 2d 544; *State ex rel. Boger* v. *Daviess Circuit Court* (1959), 240 Ind. 198, 201, 163 N. E. 2d 250; *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 170, 96 N. E. 2d 268.

We are aware of the fact that Acts of 1871, ch. 22, §10, p. 48, being §4-1411, Burns' 1946 Repl. states, in part:

> "Said court [Superior court of Marion County] . . . shall have original concurrent jurisdiction with the circuit court . . . and all other appellate jurisdiction now vested in, *or which may hereafter be vested,* by law, in circuit courts; . . . " [Emphasis added.]

Obviously the 1871 Legislature intended that said section should operate prospectively with regard to jurisdiction vested in the superior courts after the effective date of the statute. But the General Assembly of 1871 can no more bind succeeding sessions of the General Assembly than it was bound by preceding sessions. *Klipsch* v. *Indiana Alcoholic Beverage Commission* (1939), 215 Ind. 616, 21 N. E. 2d 701. The General Assembly of the legislature had authority to determine the jurisdiction of the circuit and superior courts of Marion County, and the last legislative declaration is controlling.

As above noted, the 1961 General Assembly expressly provided:

"Any applicant . . . whose application has been denied . . . shall have the right to appeal . . . to the *circuit court* . . ." [Emphasis added.] §9-3713, Burns' 1956 Repl. (1963 Supp.), *supra*.

The rule of statutory construction embodied in the maxim *"expressio unius exclusio alterius"* should be applied here. It seems clear that by this provision the Indiana General Assembly intended only circuit courts of this state to have jurisdiction in these cases. If the General Assembly (the same session of the legislature) had intended it to be otherwise, it would seem that they would have used language like that found in the Acts of 1961, ch. 333, §508, p. 984, being §25-874, Burns' 1960 Repl. (1963 Supp.), which specifically provides appeals taken from the Indiana Security Commission to be taken to "circuit or superior" courts.

For the reasons above stated, we conclude that the trial court erred in overruling both appellants' plea in abatement and demurrer, which challenged the jurisdiction of the court.

Although the appellee's action must be dismissed for the reasons above stated, nevertheless, since this is a case of first impression, regarding the operation of the act, this court has elected to consider other issues raised by the parties, which issues, we may assume, would arise in connection with future litigation.

The second ground for reversal is that the court erred in finding the insurance commissioner "was negligent" in failing to adopt and promulgate rules, "as required" by Acts 1961, ch. 263, §2, p. 593, being §9-3702, Burns' 1956 Repl. (1963 Supp.). The pertinent part of the statute is as follows:

"The commissioner shall have full power and authority to administer the provisions of this act, which regulates bail bondsmen and runners and

to that end to adopt, and promulgate rules and regulations to enforce the purposes and provisions of this act. . . . "

The appellants contend that this "power and authority" to promulgate rules and regulations is, by the statute, made discretionary and not mandatory. They further contend that the Insurance Department did, by adopting the application form which is before this court, adopt such "rules and regulations" as are reasonably necessary to effectuate or "enforce the purposes and provisions of this act" and, accordingly, make a determination as to whether a license should issue to the appellee.

We conclude that although the Insurance Department could, with propriety, have adopted specific rules regarding the procedure to be followed under this act, as related to this appellee the Insurance Department, which adopted the application form by which it proceeded to consider the matter of the renewal of appellee's license, was not "negligent in failing to adopt and promulgate rules" as stated by the trial court in its finding number [2].

Appellants assert that the trial court erred in its finding number [3], which is stated as follows:

"that the 'Grandfather Clause' in Section 12 of said act requires the Commissioner to issue Petitioner a license upon application therefore."

We do not so construe the statute. The pertinent parts thereof are as follows [§9-3703, *supra*] :

"No license shall be issued except in compliance with this act and none shall be issued except to an individual: Provided, however, That upon the taking effect of this act, any person then performing the functions of a bail bondsman or runner, within the definition of this act, shall not be re-

quired to take an examination, but *shall be issued a license upon making the application herein required,* and renewals thereof shall be granted subject to the provisions of sections 13, 14 and 20 [§§9-3704, 9-3705, 9-3711] of this act: . . .

. . .

"The applicant shall apply in writing, on forms prepared and supplied by the commissioner, and the commissioner may propound any reasonable interrogatories to an applicant for a license under this chapter or on any renewal thereof, relating to his qualifications, residence, prospective place of business, and any other matters which, in the opinion of the commissioner, are deemed necessary or expedient in order to protect the public and ascertain the qualifications of the applicant. The commissioner may also conduct any reasonable inquiry or investigation he sees fit, relative to the determination of the applicant's fitness to be licensed or to continue to be licensed."

The above provision of the statute did not restrict the denial of a renewal of appellee's license solely to the grounds stated in §9-3711, *supra.* Appellee ▮▮ was required to make application for the renewal of his license, from which application the commissioner was also required to make a determination that the applicant possessed the personal qualifications "which, in the opinion of the commissioner, are deemed necessary or expedient in order to protect the public . . . " [§9-3703, *supra*]. The above provision further provided that in order to intelligently make this determination, "[t]he commissioner may also conduct any reasonable inquiry or investigation he sees fit, relative to the determination of the applicant's fitness to be licensed *or to continue to be licensed.*" [§9-3703, *supra.*] The provision did eliminate the necessity of an *examination.*

Therefore, under the law, it was both the right and the responsibility of the Insurance Department to pass

on the application and determine the "fitness" of such applicant, as ascertained from the facts which were *included* in and *omitted* from the application and from "reasonable inquiry or investigation." [§9-3703.]

We conclude that the trial court was in error in its finding and conclusion number [3], since no evidence was heard in the trial court from which it could be determined that the decision of the commissioner was arbitrary and capricious and not supported by substantial evidence.

Appellants assert as their fourth ground for reversal that the trial court erred in its findings numbered [1] and [4], which relate to the same issue, and are as follows:

[1] "that there was an abuse of discretion by the Commissioner and the State of Indiana in denying Petitioner a Bailbondsman license;

[4] "that the denial of Petitioner's license was arbitrary and capricious, not sustained by substantial evidence, and abuse of discretion on the part of the Commissioner."

We are unable to ascertain to what extent, if at all, the court's erroneous finding [3] may have influenced his findings [1] and [4] and, since the court's findings of fact are more in the nature of conclusions, from which we are unable to ascertain the basis upon which the court's findings are made to rest, we must resort to the arguments in support thereof, as asserted by the appellee.

Appellee contends that the denial of his license was an abuse of discretion, was arbitrary and capricious, and was not sustained by sufficient evidence for the following reasons: First, that appellee was denied the opportunity of amending his application, whereas, in certain other instances appellants had permitted others

to amend their applications for license after the same had been filed, where it developed that the application did not contain a complete statement regarding the information required.

In refutation of the above contention, William Hendren, chief deputy commissioner of the Department of Insurance, testified that the department's refusal to appellee to modify his application to include a statement as to his arrest, was based in part upon the fact that the department considered that both the omission and the circumstances of appellee's arrest were evidence of his untrustworthiness as a bail bondsman.

Also, Mr. Hendren testified that the Department considered the omission as to the arrest as a material misrepresentation for the reason that the arrest, which was for assault and battery, was directly related to his bailbond activities. He further stated that in no instance had other applicants for license been permitted to amend their applications as to omitted arrests under similar circumstances. The facts stated above do not sustain appellee's contention.

Further, appellee contends that the denial of the license to him was an abuse of discretion, arbitrary and capricious, and a denial of due process, for the reason that the commissioner based his decision, in part, upon hearsay information obtained from the sheriff, prosecutor, and chief of police, without affording appellee the opportunity for hearing upon such application. However, we do not consider appellee's contention upon this issue to be meritorious, since §9-3713, *supra*, provides that an applicant whose license is denied may appeal from the decision of the commissioner and that such appeal shall be heard de novo, in a court of law, at which time there would necessarily be an

opportunity for a full and formal hearing of all evidence relative to the subject-matter at issue.[1]

It is evident from the framework of the bailbond act that it was the intention of the General Assembly to have the insurance commissioner exercise such discretion in entertaining applications for bailbond licenses as is reasonable and necessary to carry out the obvious purpose of the act. While it was not the legislative purpose to make the decisions of the commissioner conclusive in any given case, it is contemplated by the act that the commissioner make an "investigation . . . relative to the determination of the applicant's fitness [§9-3703, *supra*]," including the matters stated in and omitted from each application, and the presumption in favor of the validity of the action of the commissioner is strong, and a clear case must be made out to justify the overthrow of the commissioner's action. *N. Y. C. & St. L. R. R. Co.* v. *Public Service Comm.* (1936), 209 Ind. 466, 199 N. E. 575; *N. Y. C. & St. L. R. R. Co.* v. *Singleton* (1935), 207 Ind. 449, 109 N. E. 761; *Pittsburg, etc., R. Co.* v. *Railroad Com., etc.* (1908), 171 Ind. 189, 86 N. E. 328.

It is not shown that the commissioner acted with the asserted impropriety in the matter above considered.

Further, appellee in his "appeal" to the trial court, asserted that the appellants were in error in their conclusion that appellee had misrepresented the facts re-

---

1. The Administrative Adjudication and Judicial Review Act of 1947, which provided in part that: "On such judicial review such court shall not try or determine said cause de novo, . . . ." §63-3018, Burns' 1961 Repl., and which further provided that: "All general or special laws or parts of laws in conflict herewith are hereby specifically repealed. . . ." §63-3028, are not controlling of proceedings in the trial court under the Bail Bondsmen and Runners Act, §9-3701, et seq., Burns' 1956 Repl. (1963 Supp.), which was enacted in 1961.

garding delinquent taxes owed by him. In the light of the evidence before us, we are inclined to concur in this contention.

However, it appearing that the court's finding of fact and conclusions are not, in several particulars, supported by the evidence and are contrary to the law of the case, it would be necessary that the judgment so entered be set aside, with an opportunity afforded for the hearing of additional evidence and for the court to restate his findings of fact and conclusions of law. *Superior Trailer Mfg. Corp.* v. *J. W. Scatterday, Inc.* (1963), 243 Ind. 473, 185 N. E. 2d 417; *Miller, etc.* v. *Ortman, etc. et al.* (1956), 235 Ind. 641, 136 N. E. 2d 17.

Judgment reversed, with instructions to sustain appellants' plea in abatement.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., concurs in the result.

NOTE.—Reported in 196 N. E. 2d 574.