UHLIR *v.* RITZ, COMMISSIONER, AND STATE OF INDIANA.

[No. 1269S310. Filed December 7, 1970. No petition for rehearing filed.]

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, *Walter E. Bravard, Jr.,* Deputy Attorney General, for appellant.

*Michael T. Dugan, II,* of Indianapolis, for appellee.

HUNTER, C.J.—This is an appeal by the State of Indiana from a judgment by the Marion Circuit Court setting aside

an order by the State Insurance Commissioner revoking appellee's bail bondsman's license effective July 14, 1969.

Under authority of Ind. Ann. Stat. § 9-3712 (1970 Supp.) appellee was called before the Insurance Commission, acting in its administrative capacity, to answer charges that he had caused the issuance of a bail bond for one Bobette Henderson without securing a full premium, a violation of Ind. Ann. Stat. § 9-3738 (1970 Supp.). As a result of this hearing appellee's license was revoked.

Appellee sought relief from the license revocation under Ind. Ann. Stat. § 9-3713 (1970 Supp.) which provides as follows:

> "9-3713. Right of appeal.—Any applicant for license as bail bondsman or runner whose application has been denied or whose license shall have been so suspended or revoked, or renewal thereof denied, shall have the right of appeal from such final order of the commissioner thereon to the circuit court of the county from which the bail bondsman or runner applied for his license, and such appeal shall be heard de novo."

It was at the trial "de novo" that the order to reinstate the license was issued. At this point in the proceedings the state, appellant here, instituted this Court's review of the Marion Circuit Court's order of reinstatement. During the pendency of our review, after an involved series of motions, we ordered that the reinstatement of appellee's permit be stayed. Our order to this effect remains in force at this time.

Appellant assigns two errors as grounds for reversal of the lower court's order of reinstatement. The first concerns the court's alleged misconception of its duty to review "de novo" the findings of the Insurance Commissioner at the hearing and the standard to be applied. The second concerns whether the court below, in its review of the hearing, properly employed the standard in weighing the hearing procedure.

At the outset we note that by the terms of Ind. Ann. Stat. § 9-3704 (1970 Supp.) bail bond licenses expire on September

30th of each year. Thus, all bail bondsmen must make annual application for a permit at that time. Since September 30, 1969, had come and gone prior to the time this matter was brought before this court, the issue of reinstatement is moot. However, because of the importance of the issues, and in the interest of making appellee's rights known to him, we shall proceed to consider the questions involved on their merits.

It has long been recognized that certain administrative functions can be validly delegated by our legislature and such a delegation has been made to the Department of Insurance. By statute the Department is headed by the Insurance Commissioner who is given the power to oversee insurance matters and make such rules and regulations as will best serve the interests of our citizens. Ind. Ann. Stat. § 39-3311 (1965 Repl.); § 9-3702 (1970 Supp.). He may also, through his subordinates, hold hearings and conduct other proceedings to administer his public charge. Ind. Ann. Stat. § 39-3017 (1965 Repl.); § 9-3712 (1970 Supp.).

To assure that the administrative process does not exceed the bounds of justice the courts have been required to exercise a certain review power. But, because we must be ever aware that we operate within a tri-partite system of government, courts must carefully police the scope of their review so that they do not intrude into the area of valid administrative discretion. While it does not apply in bail license cases (*Department of Insurance* v. *Hendrickson* (1964), 245 Ind. 117, 196 N. E. 2d 574, the Administrative Adjudication and Court Review Act, Ind. Ann. Stat. § 63-3001 *et seq.* (1961 Repl., 1970 Supp.), passed in part to provide a method of court review of certain *other* administrative actions, shows the legislature's awareness of our proper field of activity. Under this act the line demarking an unconstitutional intrusion into the legislative sphere has been properly drawn just beyond a ruling that an administrative act was capricious, arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial evidence. We may

make such a ruling if the facts of a case warrant it but we may not interfere with acts by an administrative body which are within the allowable scope of responsible discretion. *Department of Financial Inst.* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N. E. 2d 248; *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N. E. 2d 703.

In making such a determination under that statute we must look at the facts *as were found by the agency.* Thus,

"The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body." *Department of Financial Inst.* v. *State Bank of Lizton, supra,* 252 N. E. 2d at 250.

and if there is we may not disturb it.

In the case at hand a special statute on court review, § 9-3713, *supra,* was enacted. It states that a review "de novo" of a license revocation may be secured. It is the term "de novo" which must concern us. While in the usual sense of that phrase one might envisage a complete retrial of the issues involved, our constitutional relationship with the other branches of government precludes such a review. Our legislature is aware of our duty and its scope and we will not attach to its language the innuendo that it wishes our courts to exceed the bounds of proper re-examination. Even if such was clearly mandated, we could proceed only so far in such reviews as the dictates of constitutional law permit.

Thus, a court reviewing under a de novo statutory direction may, *to a limited extent,* weigh the evidence supporting a finding of fact by an administrative agency. *Public Service Commission* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308. But, it may negate that finding only if, based upon the evidence as a whole, the finding of fact was

(1) arbitrary,

(2) capricious,

(3) an abuse of discretion,

(4) unsupported by substantial evidence or

(5) in excess of statutory authority.

Having, in a de novo review, found the facts to be properly determined by the administrative body, the reviewing court then proceeds to, *by applying the same standard,* determine if the order, in light of those facts, was proper. *City of Evansville* v. *Nelson, supra.*

The review de novo, then, has two stages, (1) a determination of the propriety of the fact-finding and (2) a determination of the propriety of the administrative order made in light of the properly found facts, and the same standard is used in both steps.

A consideration of certain of the trial court's statements serves to point out its misconception of its duty at both stages.

The court's third conclusion of law was stated as follows:

"3. The Court after weighing all of the evidence concluded that the evidence did not by a preponderance thereof establish the fact that the bonds in question were not paid for by some one on behalf of Bobby Marie Henderson or Bobbette Henderson."

and its fourth finding of fact as follows :

"4. That the sole question to be determined by the Court is whether or not the said bonds executed on February 15 and February 26, 1969, were executed on credit, or whether they were paid for in full."

By these declarations the court committed itself to the proposition that its function had been, in effect, to determine the issues on its own, giving no deference to the hearing findings. By reviewing and weighing the evidence anew, without granting weight to the findings of the hearing commissioner, the court in effect made a nullity of the administrative fact finding efforts. This was error; the court was not to determine if in *its* judgment the finding was reasonable, but, rather, it was to determine if the findings of fact were capricious,

arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial evidence.

In making its decision the court was entitled to hear and weigh the evidence against a standard of administrative discretion validly employed, but it could not simply substitute its judgment for that of the administrative body. Further, the court was required to recognize a presumption that the hearing facts, as found, were valid and, in the absence of a clear case that they were in error, to find them valid. *Department of Insurance* v. *Henderickson, supra.*

In its fifth finding of fact the court indicates that the ". . . evidence concerning payment and credit was certainly contradictory . . ." This acknowledged that the Insurance Department obviously had before it alternative allegations of fact and made its election from among them. Absent a showing that the standard was violated the court could not overthrow the hearing findings. *Department of Insurance* v. *Hendrickson, supra.*

After evolving its conclusion that a bail bond had been issued on credit, the hearing commission issued its order to revoke. The stage two duty of the trial court was to weigh the revocation order by the same standard in view of the findings of fact.

Since the Insurance Department made a finding of credit issuance in violation of Ind. Ann. Stat. § 9-3738 (1970 Supp.) which clearly prohibits such issuances, the order does not constitute an improper use of discretion. That is, given a statutory violation by appellee, it was hardly capricious, arbitrary, or an abuse of discretion to revoke his license.

It is clear that the court below applied the wrong standard, *its* judgment, and, that if it had applied the correct one that an abuse of it would not have been shown.

For these reasons we must reverse the finding of the trial court and affirm the Insurance Department order of revocation.

Judgment reversed.

Arterburn and Givan, JJ., concur; DeBruler and Jackson, JJ., concur in result.

NOTE. Reported in 264 N. E. 2d 312.