302 N.E.2d 858 (1973)
INDIANA STATE BOARD OF TAX COMMISSIONERS, Joseph D. Geeslin, Chairman, Defendant-Appellant,
v.
Peter A. PAPPAS and Gertrude R. Pappas, Plaintiffs-Appellees.
No. 2-972A55.
Court of Appeals of Indiana, Third District.
October 30, 1973.
*859 Theodore L. Sendak, Atty. Gen., Merle B. Rose, Deputy Atty. Gen., Indianapolis, for defendant-appellant.
Peter A. Pappas, pro se.
SHARP, Judge.
This case is concerned with the tax assessment of the Appellees' residence located in the Town of Meridian Hills effective March 1, 1969. The Township Assessor fixed said assessment at a total of $16,210.00 (representing one third of true cash value). Thereafter Appellees petitioned the Marion County Board of Review to reduce said assessment and said Board of Review fixed said assessment at $14,780.00. Thereafter on April 20, 1970 Appellees filed a petition to the Indiana State Board of Tax Commissioners for review of assessment. After hearing the Appellant Board fixed said assessment at $14,780.00 on November 9, 1970. On November 13, 1970 Appellees filed what they denominated "Appeal from Final Determination of the State Board of Tax Commissioners" in the trial court. Issues were closed by an answer in denial by Appellant. In addition the Appellant asserted in its answer:
"In response to Plaintiffs' prayer for relief Defendants would say that said prayer asks for relief in excess of the power of the Court to grant in that pursuant to Burns § 64-1004 [IC 1971, 6-1-31-4] this Court can, upon a determination adverse to Defendants, only remand this case to the State Board of Tax Commissioners for further proceedings in accordance with law."
The Appellant Board filed a "Transcript of Proceedings" and the trial court heard additional evidence after which the trial court entered the following findings and conclusions:
"FINDINGS OF FACT
1. The Plaintiffs, Peter A. and Gertrude R. Pappas are owners of certain real property in the County of Marion, State of Indiana, and more particularly described as follows:
`Lots 16 and 17 in Stout's Meridian Hills Addition, an Addition to the City of Indianapolis, now in the Town of Meridian Hills, Marion County, Indiana, as per plat thereof, recorded in Plat Book 24, Page 345, in the office of the Recorder of Marion County, Indiana.'
2. The Defendant, State Board of Tax Commissioners, is an agency of the State of Indiana with the duty among other things, of hearing appeals by property owners from final determinations by the county boards of review.
3. The Plaintiffs appealed from the Marion County Board of Review requesting that the State Board of Tax Commissioners review the assessed valuation of its property as determined by said Board of Review.
4. The Marion County Board determined that Plaintiffs' land should be assessed at $3,500.00 and its improvements at $11,280.00. This determination represented a reduction over that determined by the township assessor.
5. The State Board of Tax Commissioners on review of Plaintiffs' assessed valuation determined that said valuation as determined by the Marion County Board of Review was substantially correct and therefore should be affirmed.
6. Clarence L. Crow, Hearing Officer for State Board of Tax Commission, after meeting with and hearing arguments of Plaintiffs, personally viewing the property of the Plaintiffs and the neighborhood in which Plaintiffs' property is located, recommended that the Determination of the Marion County Board of Review be sustained. By its order of November 9, 1970, the State Board of Tax Commissioners accepted said recommendation.
7. Within thirty (30) days from the date of the State Board of Tax Commissioners' *860 final determination, the Plaintiffs filed a timely appeal to the Superior Court No. 6 of Marion County requesting a judicial review of said Board's determination.
8. At all times herein concerned, Regulation No. 17, the Indiana Real Property Appraisal Manual was in effect and was the regulation duly adopted by the State Board of Tax Commissioners as the standard to be applied state-wide in valuing real property for ad valorem property taxes.
9. Said Regulation was the standard applied by the State Board of Tax Commissioners in reviewing the correctness of Plaintiffs' assessment, and that using that standard the house located on Plaintiffs' property is a class `B' residential property, and therefore assessed value of the improvements based on Regulation No. 17 of the Indiana Real Property Appraisal Manual is $6,835.00.
10. Clarence L. Crow testified that classification was a judgment factor and Plaintiffs' home could be a Class `B' house. The grade and CDU factor are judgment factors involved in valuing an improvement. Russell B. Hottle [Hottel] testified that fair market value of land and house was $30,000.00, and Louis Cohen testified using Regulation No. 17 that the assessed value of land and improvements was approximately $10,000.00.
11. Plaintiffs presented sufficient evidence which tended to show that Regulation No. 17 had been improperly applied to Plaintiffs' property.
CONCLUSIONS OF LAW
1. Pursuant to Burns' 64-1004, the Court finds that it has jurisdiction over the subject matter and the persons herein involved.
2. The standard used by the State Board of Tax Commissioners in assessing and reviewing Plaintiffs' real property on appeal was duly adopted and promulgated Regulation No. 17, the Indiana Real Property Appraisal Manual, but the Board should have used grade `B' classification as well as fair market value in determining value of Plaintiffs' improvements.
3. The Court finds upon weighing the evidence heard against the administrative standard employed that the action of the State Board of Tax Commissioners was arbitrary, capricious or unlawful.
4. The Court further finds that the assessed value of Plaintiffs' land and improvements is $10,335.00.
5. The law is with the Plaintiffs."
The Appellant asserts error that the trial court admitted evidence at the trial which was not admitted before the Board and relies on Uhlir v. Ritz, 255 Ind. 342, 264 N.E.2d 312 (1970) where Justice Hunter, speaking for our Supreme Court, said:
"To assure that the administrative process does not exceed the bounds of justice the courts have been required to exercise a certain review power. But, because we must be ever aware that we operate within a tri-partite system of government, courts must carefully police the scope of their review so that they do not intrude into the area of valid administrative discretion. While it does not apply in bail bond license cases (Department of Insurance of Indiana v. Hendrickson (1964), 245 Ind. 117, 196 N.E.2d 574), the Administrative Adjudication and Court Review Act, Ind. Ann. Stat. § 64-3001 et seq. (1961 Repl., 1970 Supp.), passed in part to provide a method of court review of certain other administrative actions, shows the legislature's awareness of our proper field of activity. Under this act the line demarking an unconstitutional intrusion into the legislative sphere has been properly drawn just beyond a ruling that an administrative act was capricious, arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial *861 evidence. We may make such a ruling if the facts of a case warrant it but we may not interfere with acts by an administrative body which are within the allowable scope of responsible discretion. Department of Financial Institutions v. State Bank of Lizton (1969), 253 Ind. 172, 252 N.E.2d 248; City of Evansville v. Nelson (1964), 245 Ind. 430, 199 N.E.2d 703.
In making such a determination under that statute we must look at the facts as they were found by the agency. Thus,
`The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body.' Department of Financial Institutions v. State Bank of Lizton, supra, 252 N.E.2d at 250.
and if there is we may not disturb it.
* * * * * *
"Thus a court reviewing under a de novo statutory discretion may, to a limited extent, weigh the evidence supporting a finding of fact by an administrative agency. Public Service Commission of Indiana v. City of Indianapolis (1956), 235 Ind. 70, 131 N.E.2d 308. But, it may negate that finding only if, based upon the evidence as a whole, the finding of fact was
(1) arbitrary,
(2) capricious,
(3) an abuse of discretion,
(4) unsupported by substantial evidence, or
(5) in excess of statutory authority.
Having, in a de novo review, found the facts to be properly determined by the administrative body, the reviewing court then proceeds to, by applying the same standard, determine if the order, in light of those facts, was proper. City of Evansville v. Nelson, supra.
The review de novo, then, has two stages, (1) a determination of the propriety of the fact-finding and (2) a determination of the propriety of the administrative order made in light of the properly found facts, and the same standard is used in both steps.
* * * * * *
(citing findings of the reviewing court)
* * * * * *
"By these declarations, the court committed itself to the proposition that its function had been, in effect, to determine the issues on its own, giving no deference to the hearing findings. By reviewing and weighing the evidence anew, without granting weight to the findings of the hearing commission, the court in effect made a nullity of the administrative fact finding efforts. This was error; the court was not to determine if in its judgment the finding was reasonable, but, rather, it was to determine if the findings of fact were capricious, arbitrary, an abuse of discretion, in excess of statutory authority or unsupported by substantial evidence.
In making its decision the court was entitled to hear and weigh the evidence against a standard of administrative discretion validly employed, but it could not simply substitute its judgment for that of the administrative body. Further, the court was required to recognize a presumption that the hearing facts, as found, were valid and, in the absence of a clear case that they were in error, to find them valid. Department of Insurance of Indiana v. Hendrickson, supra."
The general scope of judicial review of administrative decisions was put into perspective by our Supreme Court in Department of Financial Institutions v. State Bank of Lizton, 253 Ind. 172, 175, 252 N.E.2d 248, 250 (1969):
"It is to be noted that the trial court, in reviewing the administrative decision, cannot retry the facts `de novo' and cannot *862 come to its conclusions as to the merits of the case by weighing the facts and evidence. We have held that even though the statute (as in the case of proceedings before the Public Service Commission) provides that the appeal shall be `de novo', constitutionally this is not correct. The court cannot hear the matter as a new action and weigh the evidence and determine the facts on the merits as an appeal from a Justice of the Peace court `de novo', which is purely a judicial proceeding. An administrative proceeding is not a pure judicial proceeding, but is a proceeding in either the executive or legislative branch of the government. The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body. A court may also determine whether or not the action constitutes an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts.
Public Service Commission et al. v. City of Indianapolis (1956), 235 Ind. 70, 131 N.E.2d 308;
Indiana Board of Pharmacy v. Horner (1961), 241 Ind. 326, 172 N.E.2d 62.
In Public Service Commission of Indiana v. Chicago, I. & L. Ry. Co. (1956), 235 Ind. 394, 132 N.E.2d 698, reh. den. 134 N.E.2d 53, this Court said:
`The purpose of a judicial review of an administrative order by the court is not to decide the matter on the merits for the administrative body but rather solely to determine whether or not the order made by the administrative body was outside the limits and jurisdiction of such body. Once the matter of jurisdiction is determined the court has no further right to interfere with an administrative procedure which belongs to another department of the government  not the judiciary. As a court, we have no right to substitute our judgment on the merits of an issue before an administrative body acting within its jurisdiction.'
We further point out that the law is overwhelming in Indiana that the burden is on the party seeking to upset an administrative order to show in the administrative appeal and review in the trial court that there are no substantial facts to support the finding or that the action was arbitrary and capricious and outside the jurisdiction or authority of the Department. This is supported by authorities cited in the foregoing cases."
The Ritz v. Uhlir case substantially affirmed the holding of Peden v. Board of Review of Cass County (1934), 208 Ind. 215, 195 N.E. 87. Said case is in part as follows:
"As early as 1856, Wright v. Defrees and Others, 8 Ind. 298, 302, it was held that `The powers of the three departments are not merely equal,  they are exclusive, in respect to the duties assigned to each. They are absolutely independent of each other.' This being true, it is obvious that the power, duties and office of the assessing powers, which is a legislative and administrative function, can not bodily be transferred to the judicial department of the government where no judicial question is involved. If, under the section of the act in question, any taxpayer who feels that his property is assessed too high may, for this reason alone, appeal to the circuit court, and there have a reappraisement made, then under such a construction of the law it would clearly appear that the courts would, in effect, become assessing officers where no judicial question was involved, and invade another department of government, although distinctly prohibited by the Constitution. If one taxpayer who believes that his property is valued in excess of its cash value may appeal and have the court fix the value, then every taxpayer of the taxing district who believes likewise may appeal, and, in densely populated taxing *863 districts, the entire time of the court would be taken in making assessments and fixing values, where no judicial questions were involved, but merely questions relating to legislative and administrative functions.
The taxing power is a legislative function, and the fixing of levies, the assessment of property and collection of taxes is generally considered and spoken of as administrative action which is an incident of the legislative power. As said in the case of Symms v. Graves (1902), 65 Kan. 628, 636, 70 P. 591:
`Matters of assessment and taxation are administrative in their character and not judicial, and an interference by judges who are not elected for that purpose with the discharge of their duties by those officers who are invested with the sole authority to make and estimate value is unwarranted. The district court could not substitute its judgment for that of the board of equalization and this court can not impose its notion of value on either.'"
The Peden case was cited with approval in State Board of Tax Commissioners v. Traylor (1967), 141 Ind. App. 324, 228 N.E.2d 46.
The only question before this Court, as emphasized by the case of Uhlir v. Ritz, supra, and Peden, supra, is whether the Board was arbitrary and capricious.
A careful examination of the record discloses at one point counsel for Appellant expressly withdrew any objection to the admission of evidence based on Uhlir v. Ritz. For example, during the direct examination of witness Hottel, after a discussion of the issue the following happened:
"MR. VAN BOKKELEN: Did you appear before the hearing officer?
A. I certainly did.
MR. PAPPAS: Yes sir.
MR. VAN BOOKELEN [sic]: I withdraw my objection.
THE COURT: All right."
There was a later discussion but such evidence was put in without any continuing objection and without any objection whatsoever. It was the obligation of the Appellant to make proper specific objection and to preserve its record for appeal. The Appellant has failed to do this in regard to this issue in this case.
In their brief the Appellees attempt to raise a constitutional due process argument with regard to the statutory administrative hearings in this case and attempts to bring in the principles announced in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). However, we have carefully examined the Appellees' pleadings and evidence in the trial court and these asserted constitutional issues were not presented to the trial court and we will not consider them here. It is elementary that the constitutional challenge to state statutes and administrative procedures should be explicit. In this case such was not explicit.
IC 1971 6-1-33-3, Ind. Ann. Stat. § 64-1203 (1961 Repl.) provides:
"For the purpose of securing a just valuation for the taxation of real property, the rules, regulations, standards, and conversion tables adopted by the State Board of Taxing Commissioners, shall provide for the classification of lands on the basis of acreage, lots, size, location, use, productivity or earning capacity, applicable zoning provisions, accessibility to highways, sewers and other public services and advantages, and such other public bases as may be just and proper; and the board shall provide for the classification of improvements on the basis of size, location, use, type, and character of construction, age, condition, cost of reproduction, earning capacity, and such other bases as may be just and proper. The rules, regulations and standards *864 shall set forth the methods and instructions for determining the following:
a.) The proper classification of lands and improvements;
b.) The size thereof;
c.) The effect of location and use on value;
d.) The depreciation, including physical deterioration, or functional economic or social obsolescence;
e.) The cost of reproduction of improvements;
f.) The productivity or earning capacity;
g.) The capitalization of income;
h.) The valuations of land and improvements on the basis of the foregoing elements and such other elements as may be just and proper."
IC 1971 6-1-1-17, Ind. Ann. Stat. § 64-1621 (Burns 1961 Repl.) also provides:
"In addition to all other powers conferred upon the state board of tax commissioners by the provisions of this act, it shall also have the power and it shall be its duty:
First. To prescribe and promulgate all forms of books, schedules, blanks, notices and all other papers required to be used in fully carrying out the purposes of this act, and to change such form from time to time, as said board shall deem to be necessary to meet the requirements of this act.
Second. To construe the tax and revenue laws of the state and instruct taxing officials in relation to their duties with reference to taxation and assessment, whenever requested so to do by any officer acting under any such laws, or by any other person interested therein, or whenever the board deems it necessary to be done.
Third. To see that all assessments of property in this state are made according to law."
In view of the legislative mandate, the Board is further to adopt rules and regulations for the assessment of real property in accord with the legislative guidelines as found in Burns' 64-1203 (1961 Repl.). See Burns 64-1201, IC 1971, 6-1-33-1.
Pursuant to Burns' 64-1202, IC 1971, 6-1-33-2, the rules and regulations so adopted shall be the basis for the determination of true cash value in the State of Indiana. In accord with the statutory requirements, the State Board of Tax Commissioners duly adopted and promulgated Regulation No. 17, Indiana Real Property Appraisal Manual, and is found in Burns' Indiana Rules and Regulations.
Said rules and regulations when duly promulgated and adopted have the force of law and are the state-wide standard used by the State Board of Tax Commissioners (as well as all assessing officials) in determining the correctness of an assessment on appeal.
In the trial court's conclusion of law No. 4 it fixed the assessed value at $10,335.00. In doing so the trial court exceeded its authority under IC 1971, 6-1-31-4 Ind. Ann. Stat. § 64-1004 (1961 Repl.) which specifically requires that where an assessment has been deemed null and void, the matter is to be remanded to the State Board of Tax Commissioners for a new assessment. The trial court has clearly reached beyond the bounds of its judicial authority and substituted its judgment for that of the Board.
Therefore, this case must be reversed to the trial court with instructions to remand this case to the Board of Tax Commissioners. Said Board shall make an assessment under its statutory authority to be based on substantial evidence.
HOFFMAN, C.J., and STATON, J., concur.