**F. Perry RAY, Appellant (Petitioner Below),**

v.

**STATE ELECTION BOARD, Appellee (Respondent Below).**

No. 2–880A278.

Court of Appeals of Indiana, Fourth District.

Sept. 8, 1981.

Charles Thomas Gleason, Gleason, Hay & Gleason, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Eric M. Cavanaugh, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

CHIPMAN, Presiding Judge.

On rehearing the State Election Board contends we erred in deciding this case which can be found at 422 N.E.2d 714, Ind.App. The Board raises several issues involved in our disposition of this case but none of these issues were raised in the Board's Appellee's Brief and they are therefore waived. Nonetheless, we will address one of the issues raised by the Board to clarify a decision made in our original opinion.

In deciding this case we addressed the merits of F. Perry Ray's contention that he was unconstitutionally denied access to the ballot despite the Board's failure to make findings of fact as required by Ind.Code 4–22–1–10. In its Appellee's Brief the Board did not address Ray's constitutional challenges to IC 3–1–9–6. On rehearing the Board asks us to do the same contending for the first time that we should have remanded this case to it with instructions to make findings of fact. Since this argument was obviously not raised by the Board in its Appellee's Brief, it cannot be raised for the first time on rehearing. *City of Indianapolis v. Wynn*, (1959) 239 Ind. 567, 159 N.E.2d 572; *State Board of Tax Commissioners v. Stanley*, (1952) 231 Ind. 338, 108 N.E.2d 624.

Although the Board has waived this issue we feel compelled to address its argument that we had no option but to remand this case to it. In *State ex rel. State Board of Tax Commissioners v. Marion County Superior Court Room No. 5*, (1979) Ind., 392 N.E.2d 1161, 1166, our Supreme Court said:

> "A court can never substitute its judgment for that of an administrative agency. *Warren v. Ind. Telephone Co.* (1940) 217 Ind. 93, 26 N.E.2d 399. The sole relief a court may grant when an administrative decision is found to be unlawful is to vacate the decision and remand the matter to the agency for a further determination. *State ex rel. Public Service Commission of Indiana v. Johnson Cir. Ct.* (1953) 232 Ind. 501, 112 N.E.2d 429; *Aeronautics Commission of Indiana v. Radio Ind'pls, Inc.* (1977) [172] Ind.App. [687], 361 N.E.2d 1221. This rule applies likewise to actions by the State Tax Board. IC § 6–1.1–15–8; *State Board of Tax Commissioners v. Farmers Co-op Co. of Remington* (1977) Ind.App., 370 N.E.2d 389; *State Board of Tax Commissioners*

*v. Pappas* (1973) 158 Ind.App. 327, 302 N.E.2d 858."

Based on the facts in that case and the four cases cited as authority by the Court, we believe this language applies to administrative decisions which are "unlawful" due to the agency's failure to follow the applicable substantive law. We do not necessarily believe it is applicable to a decision with the "technical defect" of failing to abide by the applicable procedural law, i. e. failing to make findings of fact. *See Department of Financial Institutions v. State Bank of Lizton,* (1965) 253 Ind. 172, 252 N.E.2d 248.

In *State ex rel. State Board of Tax Commissioners v. Marion County Superior Court Room No. 5, supra,* the reviewing trial court set aside the Board's decision, an act the court had the authority to do, but it then went on to determine a new tax rate and mandated that the Board use it. The latter action by the trial court was beyond its authority and on appeal the Supreme Court said the sole relief the trial court could have granted was to vacate the Board's decision and remand the matter for further proceedings.

Similar factual situations were present in the four other cases cited. In those cases the trial courts found the commissions had not properly applied the substantive law involved and ordered the respective commissions to approve the transfer of a certificate of public convenience, to grant a request to increase the size of a radio tower, to accept a tax return as filed, and to find a specific assessed value for a piece of real estate. All four of these actions were beyond the trial courts' authority and were reversed on appeal.

In our case the trial court did not reverse the decision of the Board nor did it attempt to substitute its judgment for the Board's, nor did we. We were presented with a constitutional challenge to a statute employed by the Board in refusing Ray a place on the ballot. We were not presented with a challenge that the Board had not complied with the appropriate substantive law but rather that the appropriate substantive law was unconstitutional. Therefore we do not believe this was an "unlawful decision" by the Board of a type that would leave us with no option but to vacate and remand.

In reaching this decision we are influenced by numerous facts and circumstances unique to this case. Due to the moot stance of the case when we received it, our original opinion only reversed the trial court's decision. We did not remand this matter to the Board nor did we attempt to replace its judgment concerning factual issues with ours.

Secondly, we had before us the entire transcript of the Board's hearing on this matter consisting of only a few pages and it presented no conflicts in the evidence. Therefore, we were presented with a question solely to be determined by the law involved. In light of these unique factors we decided to address the merits of Ray's claim in an act of judicial economy rather than remand this moot case to the Board for findings of fact that in all likelihood would not have affected our constitutional scrutinization of IC 3-1-9-6.

By our opinion today we do not mean to say administrative agencies no longer need to make findings of fact as required by IC 4-22-1-10 nor are we saying such omissions will be ignored by our courts on appeal. Our decision in this case was based on the unique facts involved and is solely limited to this case.

The Board's Petition for Rehearing is denied.[1]

MILLER and YOUNG, JJ., concur.

1. The Board contends throughout its petition that we should not have addressed the merits of this case since we should have remanded it for findings of fact. In the conclusion of its accompanying memorandum the Board does not ask that we grant rehearing and remand the case but instead asks that we grant rehearing and affirm the trial court. Hopefully in the future we will be presented with prayers that are not inconsistent with their accompanying arguments.