Richard P. CARLSON, Appellant-Petitioner,

v.

Don H. MILLER, as Commissioner of the Department of Insurance and the State of Indiana, Appellee-Respondent.

No. 4–582A118.

Court of Appeals of Indiana, Fourth District.

Jan. 27, 1983.

Dennis E. Zahn, Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen. of Ind., Gerald A. Coraz, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

CONOVER, Judge.

Richard P. Carlson (Carlson) appeals the trial court's entry of summary judgment against him in his appeal from the nonrenewal of his bail bondsman's license by Don H. Miller, Commissioner of the Indiana Department of Insurance (Miller).

We reverse.

## ISSUE

Because we reverse, we need only address one issue:

Did the trial court have subject matter jurisdiction over this case?

## FACTS

On September 24, 1981, the Indiana Department of Insurance informed Carlson his bail bondsman's license would not be renewed due to his conviction for two felonies. Carlson filed a complaint for judicial review in the Marion Circuit Court. The trial court granted Miller's motion for summary judgment finding there was no genuine issue as to a material fact and Miller was entitled to judgment as a matter of law. Carlson appeals.

## DISCUSSION AND DECISION

■ Initially, Miller argues Carlson should not succeed in his appeal because the trial court lacked subject matter jurisdiction over this cause of action. He claims there was no jurisdiction because Carlson failed to exhaust his administrative remedies as required under the Indiana Administrative Adjudication Act (AAA). IND. CODE 4–22–1–1 *et seq.* Carlson claims Miller waived this issue by failing to raise it at the trial court level. It is well settled subject matter jurisdiction may be raised for the first time on appeal. *State ex rel. Young v. Noble Circuit Court,* (1975) 263 Ind. 353, 332 N.E.2d 99. Contrary to Carlson's argument, *State ex rel. Sacks Brothers Loan Co. v. DeBard,* (1978) 177 Ind.App. 679, 381 N.E.2d 119 (on rehearing), only holds jurisdiction over the particular case may be waived. Miller questions the lack of subject matter jurisdiction. It is, therefore, properly raised in this appeal.

■ As to the merits of the claim, Miller argues Carlson's cause of action is governed entirely by the AAA and its exhaustion of administrative remedies requirement bars this case. Carlson argues the Bail Act of 1961, IND.CODE 35–4–5–1 *et seq.,* applies under the rationale of two Indiana Supreme Court cases, and exhaustion is not a requirement here.

The focus of this issue is on two statutes, IND.CODE 35–4–5–24, which reads:

Any applicant for license as bail bondsman or runner whose application has been denied or whose license shall have been so suspended or revoked, or renewal thereof denied, shall have the right of appeal from such final order of the commissioner thereon to the circuit court of the county from which the bail bondsman or runner applied for his license, and such appeal shall be heard de novo.

and IND.CODE 4–22–1–24, which reads in part:

The provisions of this act [4–22–1–1—4–22–1–30] shall not apply to the proceedings for the issuance of licenses or permits on application but the proceeding for such license or permit by such proceedings shall be under the provisions of the law relating to the particular agency, however, whenever an application for a license or permit is denied under the provisions of the law relating to a particular agency such applicant shall be entitled to

have a hearing before the ultimate authority of such agency on such denial upon filing within fifteen [15] days after receipt of notice of such refusal a written application for such hearing.

These two statutes deal with the same subject, review of the denial of a license, and therefore must be harmonized to the extent possible. *Wright v. Gettinger,* (1981) Ind., 428 N.E.2d 1212; *State ex rel. Stream Pollution Control Board v. Town of Wolcott,* (1982) Ind.App., 433 N.E.2d 62. The question presented is whether the hearing required by IC 4–22–1–24 must be held before an order from the Commissioner becomes "final" and subject to judicial review under IC 35–4–5–24.

Contrary to Carlson's argument, the cases of *Department of Insurance v. Hendrickson,* (1964) 245 Ind. 117, 196 N.E.2d 574 and *Uhlir v. Ritz,* (1970) 255 Ind. 342, 264 N.E.2d 312 do not decide this issue. Basically, the court in *Hendrickson* held the AAA does not apply to proceedings in the trial court when reviewing bail bondsmen's license cases, the de novo standard of review is to be used in the trial court. *Uhlir* cited *Hendrickson* for the principle that the AAA does not apply in these cases but again it focused only on the standard of review in the trial court. Here, the proceedings *in* the trial court upon review are not the focus, but rather the required proceedings *before* review in the trial court are at issue.

"It is well settled that resort to the judicial process must ordinarily be postponed until administrative remedies capable of rectifying the claimed error have been pursued to finality." *Indiana State Department of Welfare v. Stagner,* (1980) Ind. App., 410 N.E.2d 1348, 1351.

Judicial review of administrative actions will generally be denied where there is no final decision or order determining the rights of the parties. This court will not attempt to control an agency's valid exercise of its discretionary powers nor will it interfere with interim acts of the agency which only contemplate a final decision.

*Indiana State Highway Commission v. Zehner,* (1977) 174 Ind.App. 176, 181, 366 N.E.2d 697, 700 (citations omitted). Here, Carlson did not pursue all of his available administrative remedies, namely the hearing available with the Insurance Commissioner under IC 4–22–1–24.[1] Therefore, he did not have a final order which was reviewable by the trial court. Thus, trial court lacked subject matter jurisdiction.

The trial court's decision is reversed and remanded with instructions to dismiss.

YOUNG, P.J., and MILLER, J., concur.

---

1. We find no extraordinary circumstances here which would justify avoiding the exhaustion requirement. *See South Bend Federation of Teachers v. National Education Association—South Bend,* (1979) 180 Ind.App. 299, 389 N.E.2d 23.