STATE BOARD OF TAX COMMISSIONERS OF INDIANA *v.*
TRAYLOR ET AL.

[No. 20,333. Filed July 6, 1967. Rehearing denied August 10, 1967. Transfer denied November 16, 1967.]

*John J. Dillon,* Attorney General, and *Lloyd C. Hutchinson,* Assistant Attorney General, for appellant.

*Early & Arnold,* of Evansville, for appellees.

BIERLY, J.—Plaintiffs-appellees filed their complaint and amended complaint in the Superior Court of Vanderburgh County, Indiana, on the 10th day of April, 1963, alleging that the assessment of their real estate with improvements thereon, situated in said county was wrongful and further requested that the same should be declared null and void. The assessment had been made by the defendant-appellant, State Board of Tax Commissioners.

Plaintiffs, subsequent to said cause, put at issue by the defendant-appellant filing an answer, filed a motion for a change of venue from the county, which motion was granted. The cause was venued to the Pike Circuit Court of Pike County, Indiana. This Circuit Court reviewed the assessment made by the appellant-defendant, and thereafter stated its findings, decision and judgment. This appeal followed.

Issues were formed by the filing of appellees amended complaint in three separate paragraphs, thence the filing of separate answers by appellant to each of aforesaid paragraphs.

Issues presented were raised by:

(1) Paragraph I of said amended complaint based upon the allegation that the assessment by appellant, State Board of Tax Commissioners, was wrongful and should be declared null and void, as being "arbitrary and capricious." This premise was denied by appellant.

(2) Paragraph II of said amended complaint based upon the allegation that the assessment by the said State Board of Tax Commissioners was wrongful and should be declared null and void by being "constructively fraudulent." This premise was likewise denied by appellant.

(3) Paragraph III of the aforesaid complaint based upon the allegation that said assessment by appellant was wrongful and should be declared null and void, by being "an abuse of discretion." This allegation was likewise denied by the appellant.

Following the submission of evidence, the Pike Circuit Court found for appellees on Paragraph I of the amended complaint, and that the assessment of appellant, the State Board of Tax Commissioners was arbitrary and capricious; that the assessment of said State Board was not "constructively fraudulent" as alleged in Paragraph II of said amended complaint; and that the action of said State Board was not an abuse of discretion as charged in Paragraph III of said amended complaint.

Pursuant to Rule I-7C of the Supreme Court, the Court found facts specially which were stated in eleven (11) paragraphs. Thence followed conclusions of law set forth in two (2) paragraphs.

The judgment of the court, omitting formal parts, is as follows:

"It is, therefore, ordered adjudged and decreed by the Court that the assessment by the defendant of the real estate of the plaintiffs as described in the findings of fact herein be and the same is hereby adjudged null and void, and the matter of the assessment of such property is remanded to the defendant for reassessment and further proceedings in accordance with law.

"It is further ordered by the Court that costs herein be taxed to the defendant."

On June 20, 1964, the defendant-appellant filed its Motion for a New Trial, alleging therein that:

"1. The decision or finding of the court on Paragraph I of plaintiffs' amended complaint is not sustained by sufficient evidence.

"2. The decision or finding of the court on Paragraph I of plaintiffs' amended complaint is contrary to law."

Said Motion for a New Trial was overruled on November 2, 1964, by the court. From this ruling by the court, the appellant appealed.

The Assignment of Errors filed with the Clerk of this Court by the appellant, omitting formal parts, is in the following words and figures:

### "ASSIGNMENT OF ERRORS

"The appellant, State Board of Tax Commissioners of Indiana, avers that there is manifest error in the finding, decision and proceedings had in this cause which are prejudicial to appellant in that:

"The court erred in overruling the motion for new trial of the State Board of Tax Commissioners of Indiana, appellant herein, which motion for new trial contains the following reasons:

" '(1) The decision or findings of the court on Paragraph I of plaintiff's amended complaint is not sustained by sufficient evidence.

" '(2) The decision or finding of the court on Paragraph I of plaintiff's amended complaint is contrary to law.'

"WHEREFORE, it is respectfully submitted that this Court reverse the finding and decision of the trial court on Paragraph I of plaintiffs' amended complaint, order the granting of a new trial therein and the entry of the finding and decision for the State Board of Tax Commissioners of Indiana on Paragraph I of said plaintiffs' amended complaint."

In its finding of facts, the court in Finding #3 found that pursuant to the Property Assessment Act of 1961, said property in question, owned by plaintiffs, was assessed by the Township Assessor of Center Township of Vanderburgh County, as follows: Land $2500, Buildings $17,910, Total Assessment $20,410.

By Finding #4, the court found that the Board of Review of said county instructed its representative, Gerald Nelson, to view the land and buildings and report his determination to the Board. Nelson affirmed the assessment made by said township assessor. The Review Board refused to accept the findings of its representatives, and "arbitrarily and capriciously" assessed said property of plaintiffs-appellees as follows: Land $2,500, Buildings $23,920, totalling the sum of $26,420.

By Finding #7 the Court found that the State Board of Tax Commissioners affirmed the assessment of the Board of Review, and in Finding #9 stated that said assessment was likewise "arbitrary and capricious."

It appears that the trial court based its conclusions that the assessment by the State Board should be adjudged null and void on its Finding #8, which is as follows, to wit:

"8. At the trial of this cause, the witness Clarence L. Crow, who testified on behalf of the defendant, admitted on cross-examination that the assessment of the plaintiffs' property was based upon fundamentally-erroneous principles in that in arriving at the value per square foot of plaintiffs' property there had been followed the rates set forth at page 145 of the 'Real Estate Assessment Guide No. 2,' Second Edition, May 1961, adopted and promulgated by the State Board of Tax Commissioners, which provided for a reducing scale of values per square foot up to 3,075 square feet at a value of $10.50 per square foot, but in the assessment of plaintiffs' property the appraisal of the square footage above 3,075 square feet had been arbitrarily and incorrectly set at $12.43 per square foot."

According to the table referred to in the above Finding #8, the cost of a residence measuring 300 square feet with

1-story and basement has a base price of $8,960, or an average of $29.87 per square foot, while such a residence with measurements of 3,075 square feet has an average base price of $39,530, or an average of $12.86 per square foot.

The trial court in said Finding #8 determined that in the assessment of plaintiffs' property, the appraisal over and above 3,075 square feet was set at $12.43 per square foot, which the trial court charged was an arbitrary and incorrect assessment.

By computing the area, represented by the difference between the total area of the residence of 4,965 square feet and 3,075 square feet, to wit: 1,890 square feet, by an average of $12.43 per square foot, produces an additional cost of $23,492.70. By further computation, when considering the cost per square foot of the total area of the residence of 4,965 square feet, divided into the total cost of the residence, equals $12.69. In *Highshew* v. *Kushto* (1956) 126 Ind. App. 584, 131 N. E. 2d 652, the court said: "We take judicial notice of the fact that a motorcycle going 40 miles per hour travels 60 feet in one second," thus mathematical computations are a proper subject of judicial notice.

Contrary to the contention of the appellees, and the finding of the trial court that the average cost per square foot of the first 3,075 square feet of the residence was lower than the cost per square foot of the remaining 1,890 square feet, the reverse is true, as relative figures per square foot were $12.86 and $12.43, respectively.

Appellant, in recognizing the Real Estate Assessment Guide #2 as authority for use by the Indiana assessors in the general assessment of real estate, directs our attention to pages 142 and 143 of said Guide which gives the base price for Grade High Class AA, Residential Pricing Schedule for Frame Construction and Masonry Construction, respectively. Said pages list a definite average price per square foot over

and above 4,000 square feet area, and for Masonry Construction of $19.40 for 1-story building which price was established by dividing a house or residence of 4,000 square feet area into the total cost of $77,620.

On page 145 of said Guide, the division of the base price of a 1-story residence with basement, by its square feet in progression from a 300 square foot residence, 100 square feet at a time, to a residence of 3,075 square feet, portrays a reducing scale proposition. This table clearly shows that base price, divided by the residence area in square feet, produces an average cost per square foot reduction from $29.87 to $12.86.

The appellees charge error in the computation of the true cash value of the square feet of their residence in excess of 3,075, but the computation fails to conform to the interpretation as advanced by them. This constitutes, according to appellees, a mistake in the assessment which error results in making the true cash value and assessed evaluation of the residence as set by the appellants arbitrary and capricious.

Appellees can find no comfort or proof that appellants' action is arbitrary and capricious in the Appellate Court case entitled, *State Bd. of Tax Com'rs.* v. *Chicago, etc. R. Co.,* (1951), 121 Ind. App. 302, 96 N. E. 2d 279. In that case, the court defined an arbitrary and capricious action in a tax case before it as follows:

> ". . . Arbitrary or capricious action on the part of an administrative board means willful and unreasonable action, without consideration and in disregard of the facts or circumstances of the case; action taken without some basis which would lead a reasonable and honest man to such action. . . ."

We fail to perceive any basis leading to a conclusion that the action by the State Board, in the case at bar, was willful or unreasonable and at variance with a logical deduction in considering the circumstances of the case.

Further, the case noted previously holds that the tax authority is under no obligation to use any specific method of appraisment, nor is it within the province of the court to set aside an assessment because the court may conclude some other method preferable to the method adopted, and provided the ultimate action by the State Board is not tarnished as being fraudulent, capricious or arbitrary.

Relative to the power of the courts to review assessments or valuations, the Supreme Court, in the case of *Board, etc.,* v. *Johnson* (1909), 173 Ind. 76, 89 N. E. 590, said:

"The true rule, as we conceive it to be, is that where the question is one of valuation or of determining the extent of the property in relation to other property of which it may form a part in fixing a valuation, in the absence of fraud, the action of the State Board of Tax Commissioners is final; but where there is an arbitrary selection of the property to be taxed, in violation of the Constitution or the statute, the act is beyond the jurisdiction of the board and is subject to review by the courts."

The court, in *Peden et al.* v. *Board of Review of Cass County,* (1935), 208 Ind. 216, 195 N. E. 87, cited *Rhoades et al.* v. *Cushman, Auditor* (1873), 45 Ind. 85, and stated:

"In this case the court announced the rule that a circuit court can not, on the complaint of taxpayers, control, reduce, or enlarge the amount of assessments as fixed by the state board of equalization, where the board was properly constituted, and when no fraud, but only a mistake, is charged on the part of a taxpayer; that the state board is the final arbiter, if it is legally organized and acts honestly and without fraud."

The court, in *Rhoades et al., supra,* further said:

"It is an administrative and not a judicial question."

To substantiate the claim of appellees that the appellant erred in the determination of the "true cash value" and the assessed valuation as not being substantially correct, it was imperative that evidence of probative value be introduced to prove such claim. Assuming that there may have been some discrepancy in the determination of the

true cash value and assessed valuation of appellees' property which appellant holds was not the case, in excess of the true cash value and assessed valuation, such variation in excess of what the true cash value should have been, must be of such variation in excess of what the proper valuation should have been to constitute an arbitrary and capricious assessment.

Hence, proof of what the "true cash value" and "assessed value" should have have been, to determine prejudice, was required in the case at bar. By appellees' failing to produce such proof, the appellant's assessment was not subject to a voidance on account of an illegal assessment.

It is true that appellees attempted to justify their conclusion that the assessment of their property was not in proportion to that of similar property within the locality. This attempt was made by making a comparison with property owned by one Mr. Iglehart.

The county seat of Pike County, where the trial was held due to a change of venue, was approximately 40 miles distance from Evansville where the official records of Vanderburgh County were kept. The trial court, over objections of appellant, permitted appellee Ferris E. Traylor to testify from memory and draw conclusions relative to the size and valuation of the Iglehart property or residence located in the vicinity of the Traylor residence, which size, as testified by Traylor, was stated to be 10,000 square feet. Appellant secured the official permanent record card of the Iglehart house from the office of the county assessor in Vanderburgh County. This card was introduced and read in evidence and disclosed the area of the Iglehart property to be 3,595 square feet. No effort was made by appellees to discredit the public record status of this card, or its verity.

We are unable to perceive how the testimony of appellee, Ferris E. Traylor, to the effect that the Iglehart house, possessing an area of 10,000 square feet, could constitute com-

petent evidence to establish appellees' claim that other property of like kind and material, in the locality was so assessed as to make the assessment of the property of appellees not in proportion thereto. No attempt was made by appellees to use any other property in the locality for comparative purposes.

Appellees, in their answer brief, alleged that the State Board, appellant herein, failed to make an appraisement and assessment of appellees' property upon its own initiative, but, instead, used the assessment made by the Board of Review of Vanderburgh County, which appraisement and assessment, they assert, were arbitrary and capricious. Appellant refuted this contention of the appellees, by stating that the evidence discloses that a representative of the State Board of Tax Commissioners conducted a hearing in Vanderburgh County, that appellee, Ferris E. Traylor, and his attorney, were present at the hearing but failed to avail themselves of the opportunity to present evidence tending to establish prejudicial error in the appraisement or assessment.

Appellant, in its reply brief, made the following observations, to wit:

> "The record fails to disclose that the appellees or their attorney at such hearing presented anything to the hearing officer or appellant, to show any prejudicial error or that the 'assessed valuation' of their property was out of line with that of other like property in the locality."

Appellees contend that inasmuch as they filed their complaint in three [3] separate paragraphs this arrangement merits justification of the apparent inconsistency in the holding of the trial court in Paragraph III that there was no abuse of discretion by the State Board of Tax Commissioners in making the assessment, with that in Paragraph I that such assessment and appraisement was arbitrarily and capriciously made.

We are confronted with the fact while the two theories of attempted recovery were pleaded separately this would not

sanction in an apparent inconsistent decision by the trial court. Since on Paragraph III a specific finding was made against appellees, and since appellees failed to file a motion for a new trial, or a cross-assignment of errors, we are of the opinion that the holding of the court on Paragraph III that there was no abuse of discretion, is binding upon them.

While appellees, in their brief, asserted that the findings of the court, Nos. 8, 9 and 11, do not depend upon any finding that there was error of grading and classification, no reference was made in appellees' argument in respect thereto, and hence appellee tacitly admitted the correctness of the grading and classification of such property by said State Board.

In the judgment entry of the trial court, costs were taxed against appellant. Relative to taxing costs, we quote from 72 A.L.R. 2d, p. 1383, to wit:

> "In so far as the liability of state officers, boards, or agencies for costs can be treated separately from the liability of the state itself, it may be said that, generally speaking, the immunity of the state from liability for costs extends to its board, commissions, and other agencies. . . ."

Burns' Ind. Stat. Anno. (1961 Repl.) § 64-1601, provides that the State Board of Tax Commissioners is an agency of the state. We have no statute expressly authorizing the taxing of costs against the State Board in the defense of assessments and appraisements made by it.

We hold that said judgment of the trial court taxing costs against the State Board is contrary to law.

The principles of taxation are presumed to apply equally to all taxpayers throughout the state. The statute provided the State Board of Tax Commissioners with authority to establish rules and regulations of procedure, and by virtue of such invested powers, pricing schedules were set up in the "Guide" heretofore referred to, and were applicable to all taxpayers alike.

We are of the opinion that no competent evidence was forth-coming in the case at bar that the assessment and appraised value of appellees' property is not in proportion to that of substantially like kind of property in the same locality, and further, that the assessment by appellant should be approved. The burden of proving the inaccuracy of the action of the Board rests upon the appellees. In the case at bar the appellees failed in this duty.

We hold that the trial court erred in overruling appellant's motion for a new trial, and that the decision and finding of the court on Paragraph I of plaintiffs' amended complaint to be contrary to law.

We are of the opinion that that part of the finding and judgment of the trial court in favor of plaintiffs and against the defendant on Paragraph I of the plaintiffs' amended complaint should be reversed.

The judgment of the trial court is reversed with instructions to enter judgment for the appellant State Board of Tax Commissioners of Indiana, against appellees Ferris E. Traylor and Mary V. Traylor, and for costs.

Judgment reversed.

Pfaff, C. J., and Cook, J., concurs.

Smith, J., not participating.

NOTE.—Reported in 228 N. E. 2d 46.