356 N.E.2d 1379 (1976)
STATE Board of Tax Commissioners of the State of Indiana et al., Appellants (Defendants below),
v.
PHILCO-FORD CORPORATION, Appellee (Plaintiff below).
No. 2-475A101.
Court of Appeals of Indiana, First District.
November 24, 1976.
*1380 Theodore L. Sendak, Atty. Gen., Henry O. Sitler, Deputy Atty. Gen., for appellant.
Alan H. Lobley, Leonard J. Betley, Ice, Miller, Donadio & Ryan, Indianapolis, Benadum, Cecil & Painter, Muncie, for appellee.
LOWDERMILK, Judge.

CASE SUMMARY:
This case was transferred from the Second District to this office in order to lessen the disparity in caseloads among the Districts.
Defendant-appellant State Board of Tax Commissioners of the State of Indiana (the Board) appeals from the trial court's review of the Board's denial of exemptions claimed by plaintiff-appellee Philco-Ford Corporation (Philco). The trial court remanded the instant cause to the Board with instructions to grant the exemptions.
We reverse.

FACTS:
In 1968, 1969, and 1970 Philco owned appliances which were stored in a warehouse in Muncie. The appliances had been manufactured at Philco's factory in Connersville and shipped to the warehouse by rail and truck.
The appliances in storage were in their delivery crates and were ready for shipment. *1381 Those shipped into the warehouse by rail were covered by bills of lading which listed Muncie as their destination but which were also stamped, "for storage in transit to an out of state des." The documents covering the appliances shipped into the warehouse by truck contained no mention of out-of-state destinations.
Shipments out of the warehouse were controlled by Philco's Philadelphia office, which would transmit a new bill of lading to cover each outgoing shipment. Items to make up these shipments were generally pulled from the stock in the warehouse without regard to the original bills of lading. There was no correlation between the number of appliances shipped into the warehouse under bills of lading stamped "for storage in transit to an out of state des." and the number of appliances actually shipped to specific out-of-state destinations under the new bills of lading transmitted by Philco's Philadelphia office.
The average turnover of Philco's appliances in the warehouse was 60 days. In the 60 days following March 1, 1968, shipments from the warehouse to out-of-state distributors totaled 75,818 units while 1,375 units were shipped to an Indianapolis distributor. The figures for the same period in 1969 were: 71,825 out-of-state, 1,010 to Indianapolis. All the shipments from the warehouse during the same period in 1970 were to out-of-state distributors.
In 1968, 1969, and 1970 Philco filed property tax returns listing the property stored in the warehouse on March 1 of each year. Philco also claimed exemptions for that property in each year. The Board denied the exemptions each time. Philco paid the property taxes assessed on the property.
Philco sought review of the Board's denials by the trial court, which found:
"... When Philco-Ford Corporation shipped such items to Muncie Warehouse Company, such goods were actually moving to another state and the storage in Muncie Warehouse Company was part of the movement in interstate commerce.
10. In considering the application for exemption of Philco-Ford Corporation, the State Board of Tax Commissioners did not grant any exemptions for those items which were stored in transit for transshipment to an out of state destination, even though when such items were shipped from Connersville, Philco-Ford Corporation committed them to Muncie Warehouse Company for shipments outside the State of Indiana and such interstate shipments had actually begun and were going on when they were in the warehouse of Muncie Warehouse Company."
The trial court's third conclusion of law stated:
"The State Board of Tax Commissioners acted in an arbitrary and unreasonable manner when it failed to grant an exemption for the items so stored."

ISSUES:
1. Whether Philco's appliances were in interstate commerce while they were stored in the warehouse.
2. Whether the Board's denials of the exemptions were arbitrary.

DECISION:

ISSUE ONE:
The exemption which Philco thrice claimed derived from IC 1971, 6-1-24-5 (Burns Code Ed.), which provided:
"... [P]ersonal property of residents or nonresidents of the state placed in the original package in a public or private warehouse for the purpose of transshipment to an out-of-state destination and so designated on the original bill of lading, shall not, while so in the original package in such warehouse, be subject to tax imposed by this act... . In construing this section, goods, wares and merchandise shall be exempt only to the extent that they are exempt from ad valorem taxes under the commerce clause [Art. 1, § 10[8], cl. 3] of the Constitution of the United States."
Philco conceded at trial that its appliances which were in the warehouse after delivery by truck were not exempt under *1382 this section inasmuch as no out-of-state destination was designated on the documents covering those items. However, the bills of lading covering Philco's other appliances in the warehouse generally mentioned out-of-state destinations. Therefore they were exempt under this section only if exempted from state property taxation by the Commerce Clause of the United States Constitution.
We conclude that the Commerce Clause did not exempt any of Philco's property in the warehouse from taxation by the State of Indiana so that the exemption under IC 1971, 6-1-24-5, supra, was unavailable to Philco.
Philco's appliances were not injected into the stream of interstate commerce until they were shipped or committed for transport from Indiana to another state. Delivering them by rail or truck from Connersville to the Muncie warehouse was not part of that journey. Rather this was but preliminary work  performed for the purpose of making the appliances ready for entry into the stream of interstate commerce. Until the appliances were actually shipped to another state, or committed to a common carrier for transportation to another state, their destination was not fixed and certain. They could have been  and some were  sold or otherwise disposed of within Indiana and never put into interstate commerce. Coe v. Town of Errol (1886), 116 U.S. 517, 6 S.Ct. 475, 29 L.Ed. 715. Cf. Kosydar v. National Cash Register Co. (1974), 417 U.S. 62, 94 S.Ct. 2108, 40 L.Ed.2d 660.
Under the above standard it was not enough that Philco intended to put most of its appliances into interstate commerce. Arthur Walter Seed Company v. McClure (1957), 236 Ind. 666, 141 N.E.2d 847, cert. den., 355 U.S. 906, 78 S.Ct. 333, 2 L.Ed.2d 261.
Thus the United States Supreme Court, in Minnesota v. Blasius (1933), 290 U.S. 1, 10, 54 S.Ct. 34, 37, 78 L.Ed. 131, held:
"Where property has come to rest within a state, being held there at the pleasure of the owner, for disposal or use, so that he may dispose of it either within the state, or for shipment elsewhere, as his interest dictates, it is deemed to be a part of the general mass of property within the state and is thus subject to its taxing power... ."
See also Arthur Walter Seed Company, supra.
Philco posits that the instant case is controlled by our decision in Whirlpool Corporation v. State Board of Tax Commissioners (1975), Ind. App., 338 N.E.2d 501 (Trans. Den.). The result in Whirlpool was that the Board was unable to assess the property tax on manufactured goods which had been stored, shipment-ready, in a warehouse to await shipment out of Indiana. However, we did not reach the question of whether the goods were exempt from taxation under the Commerce Clause. Rather we held that the Board was barred from imposing the property tax on the goods.
The record in the case at bar does not disclose the presence of either of the factors upon which the Whirlpool decision was based. Therefore that decision is not dispositive of the instant case.
Philco also contends that its appliances which had been shipped into the warehouse by rail were exempt from the property tax, pursuant to Regulation No. 16, State Board of Tax Commissioners (1966).
Philco's contention is wrong in two respects. First, § 1.7 of Reg. 16 stated that IC 1971, 6-1-24-5, supra, was "not to be extended to exempt from taxation any property which would not be so exempt by the Commerce Clause itself." Inasmuch as Philco's appliances were not exempt under the Commerce Clause, they were not exempt under Reg. 16.
Secondly, Philco's appliances did not comply with the requirements of Reg. 16 so that they were not exempt under IC 1971, 6-1-24-5, supra. According to § 9.4(c) of Reg. 16, Philco's appliances were eligible for the interstate commerce exemption only if Philco could establish by adequate records that the appliances were transferred in their "original packages" directly to the warehouse operator from whose custody *1383 they were later shipped directly to out-of-state destinations. § 1.6 of Reg. 16 provided:
"... [T]he term `original package' refers ... to goods located in a warehouse, which goods, on March 1, are in that final state of preparation and condition in which such goods are finally put for their security and convenience of handling during interstate shipment, whether they be in a box, case, package, bale, bundle, or otherwise aggregated, so that they are then ready for immediate delivery to an interstate carrier in such identical state and condition without any further preparation for shipment when such package is accompanied by, or to which is attached, an original bill-of-lading, designating that it is committed for transshipment to an out-of-state destination, ..." (Our emphasis.)
Philco's appliances were not committed to definite out-of-state destinations by the original bills of lading from the Connersville plant. These bills listed Muncie as their destination. It was not determined whether they would be shipped from the warehouse to Indianapolis or to an out-of-state destination until Philco's Philadelphia office transmitted new bills of lading to the warehouse.
Therefore, Philco's appliances in the warehouse were not in their "original packages" as defined by § 1.6 of Reg. 16.

ISSUE TWO:
Philco alleged that the Board's denials of the exemptions were arbitrary and capricious. In remanding this case to the Board the trial court held the denials to be arbitrary and unreasonable. See IC 1971, 6-1-31-4 (Burns Code Ed.); Uhlir v. Ritz (1970), 255 Ind. 342, 264 N.E.2d 312.
For the Board's denials to have been arbitrary or capricious, it was necessary that they were willful and unreasonable, without consideration and in disregard of the facts or circumstances in the case. The Board must have acted without some basis which would lead a reasonable and honest person to deny the exemptions. State Board of Tax Commissioners v. Traylor (1967), 141 Ind. App. 324, 228 N.E.2d 46 (Trans.Den.).
For 90 years the United States Supreme Court has embraced the holding of Coe, supra, which is that goods situated as Philco's appliances were may be taxed by a state without running afoul of the Commerce Clause. See Kosydar, supra.
We therefore conclude that the Board did not act arbitrarily in reaching the same result.
Philco relies on Ind. Rules of Procedure, Trial Rule 52(A) for the proposition that this court's limited scope of review prevents us from setting aside the trial court's findings of fact, supra.
In cases where the trial court serves as the trier of fact, we may not disturb its findings of fact unless they are clearly erroneous. TR. 52(A).
However, Philco misconstrues the trial court's role in the instant case. Due to the separation of powers established by the Indiana Constitution, the trial court's role was limited to that of a reviewing court.
The trial court was obligated to look at the facts as they were found by the Board; its scope of review was limited to a consideration of whether there was substantial evidence to support the Board's actions. Uhlir, supra; Indiana Board of Tax Commissioners v. Pappas (1973), Ind. App., 302 N.E.2d 858.
If there was such evidence, the trial court could not disturb the Board's denials  so long as the Board acted within the scope of its responsible discretion. Id.
This case turns on a determination of whether Philco's appliances were exempt from state taxation under the Commerce Clause  a determination which must be made on the facts and circumstances present in an individual case. See Arthur Walter Seed Company, supra. As Philco notes in its brief, "when a shipment has actually started its interstate journey is a close question." This determination falls within the realm of permissible administrative judgment. Norton v. Department of *1384 Revenue of Illinois (1951), 340 U.S. 534, 71 S.Ct. 377, 95 L.Ed. 517; IC 1971, 6-1-34-3 (Burns Code Ed.).
Inasmuch as the trial court reviewed a close question of fact within the scope of the Board's discretion, the trial court erred in reweighing the facts and substituting its judgment for the Board's.
We therefore reverse the judgment of the trial court and affirm the denials of Philco's claimed exemptions by the Board.
ROBERTSON, C.J., and LYBROOK, J., concur.